**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| BRAD WENDT, DONALD KINZIE, and DUSTIN HANSEN ) ) ) **Plaintiff,** ) ) vs. ) ) STATE OF IOWA, JEREMY KING, ) Individually and as a DNR Officer for Iowa, ) and, BRIAN SMITH, Individually and as a ) DNR Officer for Iowa ) **Defendants.** ) | CASE NO.: _____ **COMPLAINT & JURY DEMAND** |

COMES NOW, the Plaintiffs, Brad Wendt, Donald Kinzie, and Dustin Hansen, in support of their cause of action against the Defendants, State of Iowa, Brian Smith and Jeremy King, state as follows:

## **INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. §1983; the Constitution of the United States of America; and the Constitution of the State of Iowa.

2. All of the wrongful and unconstitutional acts alleged below were committed by the Defendants in Cass County Iowa or Audubon County Iowa, on or about on August 30, 2016, November 29, 2016 and December 8, 2016, when criminal charges filed on or about December 8, 2015, or thereafter, in Cass County Iowa and Audubon County Iowa, based upon criminal conduct alleged to have transpired on January 10, 2015, were dismissed.

## **JURISDICTION**

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b) in that one or more of the Defendants live and/or do business in this district, the rest residing in the State of Iowa.

## PARTIES

5. At all times material hereto, Plaintiff Brad Wendt (hereinafter referred to as "Wendt") was a citizen and resident of Crawford County, Iowa.

6. At all times material hereto, Plaintiff Donald Kinzie (hereinafter referred to as "Kinzie") was a citizen and resident of Adair County, Iowa.

7. At all times material hereto, Plaintiff Dustin Hansen (hereinafter referred to as "Hansen") was a citizen and resident of Adair County, Iowa.

8. The State of Iowa includes a Department of Natural Resources (hereinafter referred to as "DNR") which employs Defendants Brian Smith and Jeremy King and failed to properly train them and/or maintain appropriate oversight of their activities.

9. Jeremy King (hereinafter referred to as "King") at all times material hereto was a DNR Officer living in Guthrie County Iowa. King was involved in the unconstitutional filing of criminal charges against Plaintiffs without probable cause. He is sued both individually and in his official capacity.

10. Brian Smith (hereinafter referred to as "Smith") at all times material hereto was a DNR Officer living in Cass County Iowa. Smith was involved in the unconstitutional filing of criminal charges against Plaintiffs without probable cause. He is sued both individually and in his official capacity.

11. The unlawful criminal charges filed against Plaintiffs were served upon them on December 8, 2015, or thereafter, and based upon criminal conduct alleged to have occurred in Cass County on January 10, 2015.

## FACTUAL BACKGROUND

12. King, Smith and other DNR officers have a history of harassing Wendt and filing unwarranted criminal charges against him, including an unfounded carrying a loaded gun charge approximately 10 years ago and later a failure to wear a seatbelt charge when looking for something to file against Wendt, and being so unfamiliar with the charge they had to ask Wendt for the correct code section.

13. On December 8, 2015, Wendt, Hansen, and Kinzie were legally hunting on farm property in Cass County, Iowa, with the permission of the lease holder of the farm land on which they were hunting.

14. While hunting the owner of the property, who lived in a house on the property but rented the farm ground, approached Wendt about being on the property. Wendt informed the owner of the property that he had permission from the lease holder of the property to hunt there. The farm owner indicated no problem with Wendt's explanation and requested that in the future he just let him know when he was going to hunt on the property.

15. Plaintiffs did not damage any property while hunting on the farmland in Cass County Iowa.

16. King and Smith were in continual pursuit of any facts upon which they could make an allegation that Wendt had done something improper and/or unlawful.

17. Plaintiffs do not know how King and Smith became aware of their hunting in Cass County Iowa and Wendt was never contacted by Defendants King, or Smith, or anyone else on behalf of the DNR, prior to criminal charges being served.

18. The lease holder of the Cass County farm on which the Plaintiff's hunted was never contacted by Defendants King, or Smith, or anyone else on behalf of the DNR, prior to criminal charges being served on Plaintiffs.

19. After working the night shift as a police officer for the Denison police department on December 8, 2015, Wendt was at home and asleep when two DNR officers loudly knocked on his door to serve him with criminal complaints verified by Defendant Smith.

20. During the same time period Defendant Smith served corresponding criminal charges against Wendt's hunting companion, Donnie Kinzie.

21. Also, during the same time period Defendant King was served corresponding criminal charges against the third hunting companion, Dustin Hansen.

22. Defendant King told Hansen he would not file charges against him if he gave evidence against Wendt. Hansen refused.

23. Defendant King kept writing additional charges against Hansen and after handing each citation to Hansen asked Hansen if he would provide testimony against Wendt or would he like another citation. Hansen continued to refuse to cooperate by making false statements against Wendt as encouraged by Defendant King.

24. On December 8, 2015, Wendt and Kinzie were unlawfully charged by the Defendants with Reckless Use of Firearm, Cass County Case Numbers, AGCR014887 and

AGCR014886, aggravated misdemeanors which was alleged to have occurred 11 months prior on January 10, 2015.

25. Defendants falsely claimed that Wendt, Kinzie, and Hansen had intentionally discharged a firearm in a reckless manner, causing property damage to a fence.

26. On December 8, 2015, Wendt and Kinzie were unlawfully charged by the Defendants with trespass while hunting deer in Cass County on property owned by Brad Barber.

27. On December 8, 2015, Wendt and Kinzie were unlawfully charged by the Defendants with trespass while hunting deer in Cass County on property owned by Gary Huff.

28. On December 8, 2015, Wendt and Kinzie were unlawfully charged by the Defendants with trespass while hunting deer in Audubon County on property owned by Mike McDermott.

29. On December 10, 2015, Wendt, Kinzie, and Hansen were unlawfully charged by the Defendants with using two way communications to hunt deer in Cass County.

30. On December 10, 2015, Wendt, Kinzie, and Hansen were unlawfully charged by the Defendants with using a motor vehicle to take deer in Cass County.

31. On December 10, 2015, Wendt, Kinzie, and Hansen were unlawfully charged by the Defendants with unlawful taking of antlered deer using a motor vehicle in Cass County on the Irimeier property.

32. On December 10, 2015, Wendt, Kinzie, and Hansen were unlawfully charged by the Defendants with using two way communications to take an antlered deer in Cass County on the Ken Bishop property.

33. On December 10, 2015, Wendt, Kinzie, and Hansen were unlawfully charged by the Defendants with unlawful taking of antlered deer using a motor vehicle in Cass County on the Ken Bishop property.

34. On December 10, 2015, Wendt, Kinzie, and Hansen were unlawfully charged by the Defendants with using two way communications to take an antlered deer in Cass County on the Irimeier property.

35. On December 10, 2015, Hansen was unlawfully charged by the Defendants with shooting firearms over water, highway, or railroad.

36. On December 10, 2015, Hansen was charged by the Defendants with improper use of median, curb, or access facility.

37. On December 10, 2015, Hansen was charged by the Defendants with violating one-way traffic designation.

38. On December 10, 2015, Hansen was charged by the Defendants with failure to pay a migratory bird fee.

39. On August 30, 2016, all charges pending in Cass County were dropped against Hansen, except two charges he pleaded guilty to having admitted the factual basis for the charges, improper use of median and violating one-way traffic designation, with costs for the dismissed charges assessed to the State of Iowa.

40. On July 24, 2016, all charges pending in Adair County were dropped against Hansen with costs assessed to the State of Iowa.

41. On November 29, 2016, all charges pending in Cass County were dropped against Wendt and Kinzie with costs assessed to the State of Iowa.

42. On December 5, 2016, all charges pending in Audubon County were dropped against Wendt with costs assessed to the State of Iowa.

43. The criminal charges in Cass County were dropped with the court stating, as follows:

> Comes now the Court and states that this matter was set for trial to the Court on November 29, 2016 at 9:00am. The Defendant, Donald Kinzie, appeared with his attorney, Montgomery Brown. The Defendant, Bradley Wendt, appeared with his attorney, Aaron Hamrock. The State appeared by Cass County Attorney David Wiederstein.
>
> The State called Brad Barber as the first witness. Direct and cross examination by both Defense attorneys was taken. County Attorney Wiederstein then approached the bench, and requested that all charges herein be dismissed. There was no objection from either Defense attorney.
>
> It is therefore Ordered that this matter is hereby Dismissed, and all costs are assessed to the State of Iowa.

44. As a result of the multiple charges Wendt was placed on unpaid administrative leave from his job as a Denison police officer and ultimately the City of Denison terminated his employment effective February 14, 2017, for engaging in activity protected by the First Amendment and Iowa Code section 70A.29.

45. Wendt owns and operates a fully licensed gun shop in the city of Denison and the false charges filed against him by the Defendants has hurt his business and cost him income. Kinzie has also lost business resulting from the Defendants' wrongful conduct.

46. The Defendants failed to conduct a reasonable and appropriate investigation before filing the criminal charges, including but not limited to the following particular ways:

   a. Not speaking to Wendt or attempting to speak with him to find out if he had permission to be on the property in question, and/or ignoring information provided by Plaintiffs Kinzie and/or Hanson about having the permission of the leaseholder to hunt on the property;

    b. Never contacting the leaseholder of the property to find out if permission had been given for Plaintiffs to hunt on the property;

    c. Never asking the owner of the property if he had leased it to another person;

    d. Ignoring evidence that Plaintiffs had permission to hunt on the property from the leaseholder;

    e. Failing to conduct any investigation to determine if there were any witnesses who heard or saw gunfire, or saw Plaintiffs chasing deer with a motor vehicle;

    f. Ignored phone records showing the two way communication claims to be false;

    g. By falsifying statements made by witnesses to support the criminal charges;

    h. By relying on evidence from a witness that a personal grudge against Wendt.

47. The Defendants are liable for their intentional, malicious and/or reckless conduct causing the unlawful charges against Plaintiffs.

48. The State of Iowa is liable for the intentional and unlawful conduct of Defendants Smith and King, as such conduct was in accord with the policy or practice of the Iowa Department of Natural Resources, and/or Smith and King were not properly trained and/or supervised regarding the issuance of criminal citations without probable cause, and/or how to properly investigate an allegation of criminal activity; and/or the State has ratified or adopted the conduct post-incident.

49. The actions of the Defendants in violation of Plaintiffs' constitutional rights constituted a willful and wanton disregard for the rights or safety of the Plaintiffs and caused actual damage to the Plaintiffs, subjecting the individual the individual Defendants to punitive damages.

<strong><u>COUNT I-UNREASONABLE SEIZURE</u></strong>

50. Plaintiffs replead and reallege paragraphs 1 through 48 as fully set forth herein.

51. Defendants, acting under the color of state law, violated the rights of Plaintiffs to be free from unreasonable seizure as guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

52. The Defendants proximately caused damages to Plaintiffs by unlawfully and without court order, citing them for criminal behavior without probable cause in violation of their rights guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

WHEREFORE, the Plaintiffs prays for judgment against the Defendants, State of Iowa, Brian Smith and Jeremy King, in an amount which will fully and fairly compensate them for their injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages except against the State of Iowa, and for such other and further relief as may be just in the premises.

## COUNT II - SUBSTANTIVE DUE PROCESS

53. Plaintiffs replead and reallege paragraphs 1 through 51 as fully set forth herein.

54. The Defendants acting under color of state law, violated the rights of Plaintiffs to substantive due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section Nine, of the Iowa Constitution, and particularly with regard to the Plaintiffs exercising their right to own and use guns as protected by the Second Amendment.

55. The Defendants, Defendants, State of Iowa, Department of Natural Resources, DNR Officer Brian Smith and DNR Officer Jeremy King, in acting to deprive Plaintiffs of their substantive due process rights as guaranteed by the Second, Fifth and Fourteenth

Amendments to the United States Constitution and Article I, Section Nine, of the Iowa Constitution, proximately caused injuries and damages to the Plaintiff.

WHEREFORE, Plaintiffs pray for judgment against Defendants, State of Iowa, Brian Smith and Jeremy King, in an amount which will fully and fairly compensate them for their injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages except against the State of Iowa, and for such other and further relief as may be just in the premises.

## COUNT III - COMMON LAW - DEFAMATION

56. Wendt repleads and realleges paragraphs 1 through 54 as fully set forth herein.

57. The Defendants committed both liable and slander by making and transmitting false allegations against Plaintiffs in writing and verbally.

58. The false and defamatory allegations against Plaintiffs constitute liable and slander *per se* and caused great damage to Plaintiffs' reputation, business and good name in the community exposing them to public hatred, contempt, and/or ridicule, and/or to depriving them of the benefit of public confidence or social intercourse.

59. In addition, the statements and transmissions made by the Defendants were malicious and the Defendants knew or should have known of their falsity.

60. The Defendants' conduct was a proximate cause of injuries and damages to Plaintiffs, including but not limited to loss of reputation.

WHEREFORE, Plaintiffs prays for judgment against Defendants, State of Iowa, Brian Smith and Jeremy King, in an amount which will fully and fairly compensate them for their injuries and damages, for interest and costs as allowed by law, for punitive damages

except against the State of Iowa, and for such other and further relief as may be just in the premises.

## COUNT IV - COMMON LAW - FALSE ARREST

61. Ingram repleads and realleges paragraphs 1 – 59 above as fully set forth herein.

62. The Defendants arrested, restrained and/or detained Plaintiffs against their will.

63. The arrest, restraint and/or detention was unlawful.

64. The arrest, restraint and/or detention was without probable cause; and/or was based upon evidence known to be false and procured through improper means and without proper investigation.

65. The Defendants' conduct was a proximate cause of injuries and damages to Plaintiffs, including but not limited to loss of reputation.

WHEREFORE, Plaintiffs prays for judgment against Defendants, State of Iowa, Brian Smith and Jeremy King, in an amount which will fully and fairly compensate them for their injuries and damages, for interest and costs as allowed by law, for punitive damages except against the State of Iowa, and for such other and further relief as may be just in the premises.

## COUNT V - COMMON LAW - MALICIOUS PROSECUTION

66. Plaintiffs replead and reallege paragraphs 1 – 64 above as fully set forth herein.

67. The Defendants instigated criminal prosecutions against Plaintiffs.

68. The prosecutions were terminated as the result of the criminal charges against Plaintiffs being dismissed.

69. The prosecutions were without probable cause.

70. The prosecutions were brought with malice against Plaintiffs.

71. The Defendants' conduct was a proximate cause of injuries and damages to Plaintiffs, including but not limited to loss of reputation.

WHEREFORE, Plaintiffs prays for judgment against Defendants, State of Iowa, Brian Smith and Jeremy King, in an amount which will fully and fairly compensate them for their injuries and damages, for interest and costs as allowed by law, for punitive damages except against the State of Iowa, and for such other and further relief as may be just in the premises.

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues raised by their Complaint.

Respectfully submitted,

**Dave O'Brien Law**
1500 Center St. NE
Cedar Rapids, Iowa 52402
Phone:  (319) 861-3001
Fax:     (319) 861-3007
E-mail: dave@daveobrienlaw.com

By:    /s/ *David A. O'Brien*
DAVID A. O'BRIEN, AT0005870

*ATTORNEY FOR PLAINTIFFS*

ORIGINAL FILED.